IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA, for the use of
ASPHALT CONTRACTORS, & SITE WORK, INC.,
a Kentucky corporation,,

     Plaintiff,

v.              CIVIL ACTION NO.   3:14-27451

KAR CONTRACTING, LLC,
a West Virginia limited liability company and
GREAT AMERICAN INSURANCE COMPANY,
an Ohio corporation,

     Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Complaint (ECF No. 8).   For the reasons set forth below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.  Background

Defendant KAR Contracting, LLC ("KAR") was the prime contractor on a project completed in Huntington, WV for the United States Department of Veterans Affairs ("VA"). ECF No. 1.   Defendant Great American Insurance Company ("Great American") is the surety on the prime contract between KAR and the government.   *Id.*   According to the Complaint, KAR subcontracted with Plaintiff Asphalt Contractors & Site Work, Inc. ("Asphalt") "to perform, among other things, asphalt resurfacing, construction of a new haul road, concrete steps, and demolition of an existing pump station."   *Id.*   Asphalt alleges that it fully performed all obligations under the subcontract but that KAR has failed to pay for some of the work, labor, and

materials provided by Asphalt under the contract.  *Id.*  Specifically, Asphalt states that more asphalt was required than was initially estimated and included in the subcontract.  *Id.*  Asphalt claims that KAR and the VA agreed to additional amounts of asphalt and labor, but KAR has refused to pay for these additional amounts under the altered subcontract.  *Id.*  Asphalt alleges that it billed KAR $118,274.05, which KAR has refused to pay.  *Id.*  As a result, Asphalt sued KAR and Great American for breach of contract, breach of payment bond pursuant to the Miller Act, *quantum meruit*, and violation of the Prompt Payment Act.  *Id.*  KAR and Great American moved to dismiss the complaint.   ECF No. 8.

## II.        Standard of Review

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must be plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).   This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Id.* at 555 (internal quotation marks and citations omitted).   To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ."   *Id.* (citations omitted).   If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum

expenditure of time and money by the parties and the court."  *Id.* at 558 (internal quotation marks and citations omitted).   "Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.   Discussion

#### A.  Statute of Limitations

Defendants first argue that Plaintiff failed to file its complaint within the applicable statute of limitations for claims arising under the Miller Act.   ECF No. 9.   "[T]he statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint."  *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).   If it is not clear from the complaint itself that the statute of limitations has run, the Court may not properly dismiss the case on this ground.   *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007) ("[W]e conclude that the face of the complaint does not allege facts sufficiently clear to conclude that the statute of limitations had run, and the district court therefore erred in dismissing the complaint on that basis under Rule 12(b)(6).").

The Miller Act is a statute that provides a cause of action for a subcontractor who supplies labor and materials for a project but is not timely paid under its contract.   *See* 40 U.S.C. § 3133 (2012).   The Miller Act provides: "An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."  *Id.* § 3133(b)(4).   The statute of limitations begins to run after the last day on which any material or labor was provided for the project, not the last day on which the material or labor in dispute was provided.   *See GE Supply v. C & G Enterprises,*

*Inc.*, 212 F.3d 14, 18 (1st Cir. 2000).

Defendants argue that Plaintiff filed the instant suit outside of the one year statute of limitations.   ECF No. 9.   According to Defendants, the invoice for services and materials attached to Plaintiff's complaint, dated September 10, 2013, represents the last day that labor was performed or material was supplied for the project.   *Id.*   The instant suit was filed on October 31, 2014, over a year after the September 10 invoice was created.   ECF No. 1.   It is not clear from the face of the complaint, however, that the date on this invoice represents the last day that Plaintiff provided labor or materials for the project.   The complaint does not indicate as much.   Rather, the complaint refers to the invoice only as evidence of the principal sum that Plaintiff billed to Defendant KAR.   ECF No. 1.   Thus it is not clear from the face of the complaint that the statute of limitations ran before Plaintiff filed its complaint.   Defendants' motion is **DENIED** as to the statute of limitations defense.

### B.  Count I: Breach of Contract

Defendants next maintain that Plaintiff's claim for breach of contract should be dismissed because Defendant KAR paid Plaintiff $461,873.00, the entire amount due under the contract. ECF No. 9.   Defendants argue that Plaintiff's complaint does not allege that the written contract was altered to increase the amount of paving required or the amount due to Plaintiff.   ECF No. 12. Thus, Defendants conclude, they do not owe Plaintiff any additional amount under the contract. Plaintiff responds that, in its complaint, it alleges that KAR and the VA acknowledged the need for more asphalt and labor and agreed to pay for the extra materials and services.   ECF No. 11.

Although the complaint does not precisely state the manner in which the contract was altered, Plaintiff does allege that KAR and the VA acknowledged that the contract did not cover all of the asphalt needed and agreed to pay for the amount of asphalt and paving that was actually

necessary to complete the job.  ECF No. 1.  Plaintiff also alleges that KAR owes Plaintiff an additional $118,274.05 "[i]n accord with the subcontract."  Plaintiff's complaint concludes that "KAR's refusal to pay the amounts due and owing under the subcontract constitutes a material breach of contract."  ECF No. 1.  Plaintiff has sufficiently alleged that the contract between itself and KAR was amended and that under the current contract, KAR is obligated to pay Plaintiff $118,274.05, which it has refused to do.  ECF No. 1.  Plaintiff has thus alleged enough facts to survive a motion to dismiss.   Defendant's motion is **DENIED** as to Plaintiff's claim for breach of contract.

### C.  Count II: Breach of Payment Bond

Defendants have also moved to dismiss Plaintiff's claim under the Miller Act for breach of the payment bond.  ECF No. 8.  The Miller Act requires any contractor that has a construction contract with the federal government of more than $100,000 to insure that contract with a payment bond.  40 U.S.C. § 3131 (2012).  The Act further provides that any subcontractor who has furnished labor or materials under such a contract and has not been paid within ninety days after its work is complete may bring a civil action on the payment bond to recover the amount due.   40 U.S.C. § 3133 (2012).   Thus "a plaintiff properly pleads a Miller Act claim where it alleges (1) it has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131; and (2) it has not been paid in full within 90 days." *Oldcastle APG Northeast, Inc. v. Suffolk Const. Co.*, No. 1:12cv148, 2012 WL 5868897 (E.D. Va. Oct. 21, 2012) (internal quotations omitted).

Defendants claim that Plaintiff has no cause of action under the Miller Act.  They again argue that the original subcontract was not amended to include any additional materials or services that Plaintiff provided beyond those initially agreed upon in the contract.   ECF No. 9.   Defendant

KAR also maintains that it timely paid Plaintiff the entire amount owed under the contract and does not owe Plaintiff the extra $118,274.05, thus the defendants have not breached the payment bond.   ECF No. 9.   As explained in the preceding section, Plaintiff has adduced sufficient facts to allege that the subcontract was amended to include additional services and materials, and thus additional compensation to Plaintiff.   Plaintiff has also alleged that it was not paid this additional compensation, in the amount of $118,274.05, within ninety days of performing the work and still has not been paid.   *See* ECF No. 1; ECF No.1, Ex. B.   Plaintiff has thus properly pleaded a claim for breach of the payment bond under the Miller Act.   Defendants' motion to dismiss is **DENIED** as to Plaintiff's claim for breach of payment bond.

### D.  Count III: Quantum Meruit

Plaintiff's complaint also sets out a claim for *quantum meruit* to recoup the reasonable value of the materials and services it provided to KAR and the VA.   ECF No. 1.   Defendants argue that Plaintiff cannot state a claim for *quantum meruit* for two reasons.   First, Defendants argue that KAR has not retained any of Plaintiff's materials and services.   Rather, the VA, the owner of the property, received the benefit of Plaintiff's work.   The VA is not a party to this case.   Thus, Defendants conclude, they are not responsible for any money that may be owed to Plaintiff beyond what was owed under the contract.   ECF No. 9.   This argument is without merit. Defendant KAR contracted with Plaintiff for Plaintiff's materials and services.   KAR was responsible for paying Plaintiff for its work.   Although the VA is the ultimate beneficiary of this work, Plaintiffs extra labor and materials allowed KAR to complete its project for the VA.   KAR thus received the benefit of Plaintiff's services and materials.   These facts are sufficient to set out a claim for *quantum meruit* against Defendants.

Second, Defendants maintain that Plaintiff cannot claim both breach of contract and

*quantum meruit*, because an express contract and implied contract covering identical work cannot coexist.   ECF No. 9.   Although the Court agrees with this proposition, Defendant's conclusion is incorrect.   Plaintiff may not recover for both breach of contract and *quantum meruit* for the same exact work.   Plaintiff could, however, recover for *quantum meruit* instead of breach of contract in the event that there is no express contract covering the extra services and materials.   *U.S. v. Algernon Blair*, 479 F.2d 638, 641 (4th Cir. 1973) ("A plaintiff may join a claim for quantum meruit with a claim for damages from breach of contract.").   Thus, as an alternative theory to breach of contract, Plaintiff's claim for *quantum meruit* is permissible.   Defendants' motion to dismiss is **DENIED** as to Plaintiff's claim for *quantum meruit*.

### E.  Count IV: Prompt Payment Act

In its fourth cause of action, Plaintiff claims that the Prompt Payment Act ("PPA") requires a contractor to "make prompt payment to its subcontractors on Federal Construction Projects." ECF No. 1.   Defendants move to dismiss this claim, arguing that the PPA does not provide a private cause of action.   ECF No. 9.   Furthermore, Defendants note that the PPA governs government agencies, not private companies.   ECF No. 9.

The PPA is a federal statute governing the payment of vendors and contractors by federal agencies.   *See* 31 U.S.C. §§ 3901–3907 (2012).   Although the Act generally applies only to federal agencies, Section 3905 of the PPA does set out several indirect requirements for any private contractor awarded a contract by a federal agency.   Specifically, Section 3905 requires federal agencies to include in their contracts with prime contractors a clause that requires such contractors to insert language from the statute into their subcontracts.   31 U.S.C. § 3905(b).   The required subcontract language sets out the time for contractors to pay subcontractors and creates an interest penalty for failure to make timely payments.   *Id.*

Nothing in the PPA states that subcontractors have a separate cause of action, beyond common law breach of contract, for violations of the required subcontract language. *See id.* Moreover, the statute directs federal agencies to include specific clauses in their contracts, and only indirectly requires action on the part of contractors. Plaintiff did not respond to these arguments in its response to Defendants' motion to dismiss and has not provided the Court with any authority for the proposition that the PPA creates a private cause of action. Although authority is scant, courts that have faced the issue have generally held that the PPA does not create a private cause of action for subcontractors. *See W&W Steel, LLC v. BSC Steel, Inc.*, 944 F. Supp. 2d 1066, 1080 (D. Kan.) ("Courts . . . have repeatedly rejected the argument that the FPPA contains either an explicit or implied private cause of action in favor of unpaid subcontractors."). Accordingly, Plaintiff does not have a separate cause of action for payment under the PPA. Defendants' motion to dismiss is **GRANTED** as to Plaintiff's claim under the Prompt Payment Act.

### F. Attorneys' Fees

Finally, Defendants move to dismiss Plaintiff's claim for attorneys' fees. Defendants argue that attorneys' fees are not recoverable under the Miller Act or any other cause of action in the complaint. ECF No. 9. As a general rule, parties bear their own fees absent a fee-shifting statute. *F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co.*, 417 U.S. 116, 128-29 (1974); *Sally-Mike Properties v. Yokum*, 365 S.E.2d 246, 246 (W. Va. 1986). Defendants are correct that neither the Miller Act nor applicable West Virginia law have created fee-shifting provisions applicable to Plaintiff's causes of action. Plaintiff may, however, argue that the bad-faith exception to the general rule of attorneys' fees applies. Both federal and West Virginia law permit courts to award attorneys' fees to a successful plaintiff who proves that the defendant "acted in bad faith,

-8-

vexatiously, wantonly, or for oppressive reasons."   *F.D.* Rich, 417 U.S. at 129; *Sally-Mike*, 365 S.E.2d at 246.   Whether this exception applies in present case cannot be determined at this stage of litigation.   Accordingly, Defendants' motion to dismiss is **DENIED** as to Plaintiff's claims for attorneys' fees.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss Complaint (ECF No. 8) is **GRANTED IN PART,** as to Count IV, and **DENIED IN PART,** as to Counts I, II, and III, the statute of limitations defense, and Plaintiffs' claims for attorneys' fees.   The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        June 11, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE