IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA, for the
use of ASPHALT CONTRACTORS &
SITE WORK, INC., a Kentucky corporation,

    Plaintiff,

v.        Case No.:  3:14-cv-27451

KAR CONTRACTING, LLC, a West Virginia
limited liability company, and GREAT
AMERICAN INSURANCE COMPANY,
an Ohio corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Defendant's Motion to Compel. (ECF No. 28). Plaintiff has filed a response, and Defendants have replied. Having reviewed the memoranda, the undersigned finds that oral argument is unnecessary.  For the following reasons, the Court **GRANTS**, in part, and **DENIES**, in part, Defendants' motion. Plaintiff is **ORDERED** to provide full and complete responses to the discovery requests set forth in Defendants' motion, as they are amended in this Order, within **fourteen (14) days** of today's date.

    This civil action involves a dispute between a contractor and subcontractor that performed construction work at the Huntington VA Medical Center pursuant to a contract with the United States Department of Veterans Affairs. Plaintiff, the subcontractor, claims that it billed the contractor, Defendant KAR Contracting, LLC, for

1

work that was fully and properly completed by Plaintiff, but KAR refused and failed to pay the full amount billed. Defendants contend that Plaintiff misunderstood the original specifications of the subcontract, and, as a result, underestimated its bid. According to Defendants, Plaintiff now seeks reimbursement for work it claimed was done in excess of the subcontract, but which was actually part of the original job specifications. Furthermore, Defendants assert that Plaintiff is not entitled to payment above the amount agreed to in the subcontract, because Plaintiff failed to properly obtain a change order prior to completing the additional work, as is required in the industry.

Defendants served interrogatories and requests for the production of documents on Plaintiff inquiring, in part, about other projects in the past five years in which Plaintiff provided services as a contractor or subcontractor. Plaintiff objected to the interrogatories and document requests, arguing that information regarding other projects is not relevant to the contract at issue in this case. Defendants move to compel the answers on the basis that Plaintiff's behavior on other jobs is relevant to Defendants' position that Plaintiff failed to follow industry standards in this case.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Although the Federal Rules of Civil Procedure do not define what is "relevant," Rule 26(b)(1) makes clear that relevancy in discovery is broader than relevancy for purposes of admissibility at trial. *Caton v. Green Tree*

*Services, LLC,* Case No. 3:06-cv-75, 2007 WL 2220281, at *2 (N.D.W.Va. Aug. 2, 2007) (the "test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence"); *Carr v. Double T Diner,* 272 F.R.D. 431, 433 (D.Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case").[1] The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *See Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243–44 (M.D.N.C. 2010)(citing *Wagner v. St. Paul Fire & Marine Ins. Co.,* 238 F.R.D. 418, 424–25 (N.D.W.Va. 2006).

While at first blush, information regarding other contracts does not appear particularly relevant to the contract with the Department of Veterans Affairs, part of Defendants' basis for refusing to pay Plaintiff amounts in excess of the subcontract is Plaintiffs' failure to request a change order or address its disagreement over the job's scope and specifications prior to completing the additional work. Consequently, Plaintiff's behavior on other projects involving the United States may lead to admissible evidence. When considering, however, that contracts issued by or for the United States will likely contain terms and conditions that are not necessarily "industry standard," or that may vary significantly from contracts issued by private entities, Plaintiff's experiences on non-governmental jobs are not likely to lead to admissible evidence. Therefore, Plaintiff shall answer the following interrogatories and requests for production of documents:

---

[1] In contrast, under the Federal Rules of Evidence, relevant evidence is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' *Boykin Anchor Co., Inc. v. Wong,* Case No. 5:10-cv-591-FL, 2011 WL 5599283 at * 2 (E.D.N.C. Nov. 17, 2011) (*citing United Oil Co., v. Parts Assocs., Inc,* 227 F.R.D. 404. 409 (D.Md. 2005)).

3

1. With respect to interrogatory numbers 5, 6, and 7, Plaintiff shall respond by providing information about other work completed as a subcontractor or contractor for projects involving an agency, division, or department of the United States government. Plaintiff shall not be required to provide information about jobs not involving the federal government.

2. Interrogatory numbers 18, 23, and 24 ask for information that is both relevant and specific to the contract at issue. Accordingly, Plaintiff shall fully respond to those interrogatories as written.

3. Plaintiff shall respond to requests for production of documents numbers 9, 11, 12, and 13, but only for work performed as a subcontractor or contractor for projects involving an agency, division, or department of the United States government. Plaintiff shall not be required to provide information about jobs not involving the federal government; and

4. Request for production number 10, as set forth in Defendants' motion, is somewhat unintelligible. However, to the extent that Defendants seek copies of Plaintiff's documentation related to the work that forms the basis of the complaint, Plaintiff shall produce same.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** August 10, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge

4